UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSY

JOHN F. ZIEGER

Civil Action No. 1:14-cv-02965-RBK-JS

Plaintiffs,

-v-

J. A. CAMBECE LAW OFFICE, P.C.
AARON COX, ESQ.

Defendants,

RECEIVED
NOV 26 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

PLAINTIFFS' RESPONCE TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff hereby files a response to Defendant's Opposition to Plaintiff's Request for Judicial Notice.

1. Defendants seems to forget that it was the Defendants that used *Cappetta v. GC Services Ltd. Partnership. 654 F.Supp. (E.D.Va. 2009)*, as case law in support of their Motion to Dismiss Plaintiff's complaint. Defendants can't have it both ways, by using it in support as part of their defense for Motion to Dismiss, and then deny it, calling it, as a conclusion of law. Going on that logic, all case law the Defendants sited has to be deemed conclusion of law. What Plaintiff finds more disturbing is their attempt to get this Court to buy into the fact they have a better understanding of what the Clear intention of Congress under 15 U.S.C. § 1681b(a)(3)(A) as well as the presiding Judge in the Cappetta case and have the ability to call it **mere**

**conclusion of law.** In response to Defendants accusation that the request for Judicial Notice is somehow improper for sitting their case law, because the case law they sited as part of their Motion to Dismiss, as an attempt to have the Court make a ruling on the law based on facts supplied by Plaintiff...and is an "end run" attempt by Plaintiff to moot any arguments to be made by Cambece and Cox in Response to Plaintiff's Second Amended Complaint is not as *suggested* by Plaintiff in further support of the pleadings of his complaint. Defendant also claim it is an attempt to have the Court adjudicate Defendant's anticipated arguments before they are presented by Defendants in a Motion.

   a. Judicial Notice is proper and is well within the Rules of this Court.
   b. Judicial Notice is proper and is based on case law stated by Defendant in support of their Motion to Dismiss.
   c. Judicial Notice is proper in that Plaintiff is simply pointing out that Defendants Claims of obtaining Plaintiff's Consumers Credit Report under the false assumption that 15 U.S.C. § 1681b(a)(3)(A) provides them with a permissible purpose has already has a Judicial determination.
   d. Judicial Notice is proper as a matter of fact as Plaintiff has made it clear from the outset of the very first complaint to the present complaint that the Defendants had no legal authority to not once but twice of the pulling of Plaintiff's Consumers Credit Report.
2. Just as disturbing as above, is the condescending accusation that Plaintiff does not posse the aptitude to write coherent complaint. I would suggest that not only is their actuations meritless, it is their futile attempt to fool the Court and take the attention away from the issues at hand. Plaintiff does not use attorney's, paralegals, ghost writers, or any person, or persons in any writing of Plaintiff's Complaints, Motions, Judicial Notice, or any document

 that Plaintiff has submitted in this case. Affidavit attached. See Exhibit A Attached

3. Judicial Notice is proper because the FTC is the Official Interpretation of the Statute.

4. Judicial Notice is proper because the Defendants are not creditors as defined by the FCRA §601 {15 U.S.C. §1681a.

5. Defendants are also requesting awarding their attorney's fee and cost and any other relief deemed just and proper. Plaintiff contends that if Plaintiff is not in titled to attorney's fees than Defendant should also not be in titled to the same.

**WHEREFORE,** Plaintiff, John Zieger, request that Defendants Opposition to Plaintiff's Request for Judicial Notice be denied, and Plaintiff be awarded cost and other relief deemed just and proper.

Date: <u>November 26, 2014</u>

                */s/ John Zieger*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSY

| | |
|---|---|
| JOHN F. ZIEGER | Civil Action No. 1:14-cv-02965-RBK-JS |
| Plaintiffs, | AFFIDAVIT IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS OPPOSITITION PLAINTIFF'S JUDICIAL NOTICE |
| -v- | |
| J. A. CAMBECE LAW OFFICE, P.C.<br>AARON COX, ESQ. | |
| Defendants, | |

I, John Zieger of full age, do certify and say:

1. I am the Plaintiff's in the above captioned matter.

2. I am Pro Se Plaintiff

3. I use nor have I used attorney's, paralegals, ghost writers, or any person or person Plaintiff does not use attorney's, paralegals, ghost writers, or any person, or persons in any writing of Plaintiff's Complaints, Motions, judicial Notice, or any document that Plaintiff has submitted in this case.

_John J. Z_
_John Zieger_

Notary **Sworn and subscribed to before me this 26 day of November, 20 14**
_Ashley A Crist_
**Notary Public**

Date: _____ ASHLEY S. CRIST
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires November 6, 2019

## CERTIFICATION OF SERVICE

I John Zieger, certify that on November 28, 2014 I sent a copy of the Plaintiff's Response To Defendants Opposition to Plaintiff's Judicial Notice was served by certified mail to,

Randi A. Wolf, Esq.
Spector Gadon & Rosen
1635 Market Str. Seventh Flr.
Phila., Pa. 19103

Attorney for:

J.A. Cambece Law Office, P.C.
AARON COX, Esq.

*John J. Zig*
John Zieger

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSY

| | |
|---|---|
| JOHN F. ZIEGER | Civil Action No. 1:14-cv-02965-RBK-JS |
| Plaintiffs, | ORDER |
| -v- | |
| J. A. CAMBECE LAW OFFICE, P.C.<br>AARON COX, ESQ. | |
| Defendants, | |

THIS MATTER having been brought before the Court upon the Motion of Plaintiff's For an Order to Amend their Complaint, and the Court having considered the matter and for good Cause appearing,

It is on this _____ day of _____, 2014 ORDERED as Follows:

_____ U.S.D.J.