NOT FOR PUBLICATION                                                    (Doc. No. 20)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                              :
JOHN ZIEGER                                   :
                                              :
                         Plaintiff,           :        Civil No. 14-2965 (RBK/JS)
                                              :
             v.                               :        **OPINION**
                                              :
J.A. CAMBECE LAW OFFICE, P.C.                 :
et al.,                                       :
                                              :
                         Defendants.          :
_____    :

**KUGLER**, United States District Judge:

        This matter comes before the Court upon the Motion of Defendants J.A. Cambece Law

Office, P.C. ("Cambece") and Aaron Cox, Esq. ("Cox") (collectively "Defendants") to Dismiss

the Second Amended Complaint ("SAC") of John Zieger ("Plaintiff") pursuant to Federal Rule

of Civil Procedure 12(b)(6) (Doc. No. 20).  For the reasons stated herein, Defendants' Motion to

Dismiss will be granted in part and denied in part.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

        Plaintiff is an individual residing in Salem County, New Jersey.  (SAC ¶ 7.)  Cox works

at the Cambece law office, located in Massachusetts, (id. ¶¶ 8-9), and both are "debt collectors"

within the meaning of that term as used in the Fair Debt Collections Practices Act ("FDCPA").

(Id. ¶¶ 22, 24 (citing 15 U.S.C. § 1692a(6)).)  Plaintiff admits that he had a debt, which he claims

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff."  Accordingly, the following facts are taken from Plaintiff's Second Amended Complaint.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

was for "personal, family or house hold purpose [sic]." (<u>Id.</u> ¶ 21.)  Cox was allegedly involved in attempting to collect this debt from Plaintiff.  (<u>Id.</u> ¶ 23.)

Plaintiff says that when he obtained his consumer credit reports from the three major consumer credit reporting agencies in March 2014, he found entries by entities that he did not recognize.  (<u>Id.</u> ¶ 11.)  Specifically, his Trans Union consumer credit report revealed that Cambece had obtained Plaintiff's Trans Union report on April 2, 2013, and again on December 11, 2013.  (<u>Id.</u> ¶ 12.)

It is Plaintiff's contention that Cambece had no permissible purpose for obtaining his credit report.  (<u>Id.</u>; <u>see also</u> <u>id.</u> ¶¶ 33-34, 41-42.)  He denies having established any "business relationship, contractual, agreement for credit, loans, or services with the defendants," (<u>id.</u> ¶ 13), and says he never authorized Defendants to access his credit reports.  (<u>Id.</u> ¶ 14.)  Further, Plaintiff also claims Defendants "knew or should have known that they did not intend to use Plaintiff's consumer credit reports in [ ] connection with a credit transaction involving the Plaintiff."  (<u>Id.</u> ¶ 15; <u>see also</u> <u>id.</u> ¶¶ 33, 41.)  It is Plaintiff's belief that Defendants used "false representation or deceptive means" to obtain information about him when they twice obtained his credit reports despite "knowing they were not involved with any credit transaction with the Plaintiff."  (<u>Id.</u> ¶ 25.)

According to Plaintiff, he sent Defendants a letter on March 11, 2014, asking for an explanation of why they allegedly obtained Plaintiff's consumer credit report without a permissible purpose.  (<u>Id.</u> ¶ 16; <u>see</u> Ex. A to SAC, March 11, 2014, Letter to Aaron Cox.)  He claims neither Cambece nor Cox ever indicated "what justification they may have had for obtaining Plaintiff's credit report."  (<u>Id.</u> ¶ 17.)  In addition to being unsatisfied with any response provided by Defendants to his letter, Plaintiff also alleges that Defendants violated the FDCPA

2

by failing to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff after their initial contact "when they obtained Plaintiff's consumer credit report."  (Id. ¶ 26 (citing 15 U.S.C. § 1692g(a)).)

On April 11, 2014, Plaintiff commenced this action against Defendants in the Superior Court of New Jersey in Salem County, New Jersey.  (Notice of Removal (Doc. No. 1) ¶ 1.) Defendants then removed the case to this Court on May 9, 2014, pursuant to 28 U.S.C. § 1446(a), relying both on this Court's federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.  (Id. ¶¶ 6-8.)  What followed were several motions filed by Defendants and amended complaints filed by Plaintiff.

Defendants filed their first motion to dismiss the original Complaint on May 16, 2014, (Doc. No. 3), and then Plaintiff filed the First Amended Complaint on May 30, 2014, (Doc. No. 4), adding CACH, LLC as another named Defendant.   Defendants then filed a motion to dismiss the First Amended Complaint on June 5, 2014.  (Doc. No. 5.).  Plaintiff requested an extension to file an opposition to Defendants' motion to dismiss, (Doc. No. 6), which the Court granted, (Doc. No. 7), giving Plaintiff until September 29, 2014, to file a brief in opposition to Defendants' pending motion.  On September 29, 2014, Plaintiff instead filed a motion to amend his First Amended Complaint, (Doc. No. 8), which Magistrate Judge Schneider granted on November 14, 2014.  (Doc. No. 15.)  The SAC, in which Plaintiff alleges violations of the FDCPA and the Fair Credit Reporting Act ("FCRA"), was filed that same day against Cambece, Cox, and CACH, LLC.  (Doc. No. 16.)

The instant Motion to Dismiss the SAC was filed on December 3, 2014.  Plaintiff filed an untimely response to Defendants' Motion on January 9, 2015, (Doc. No. 22), and Defendants did

not file any reply papers.  Because the parties have briefed the issues presented to the Court, it will proceed to a discussion of their arguments.

## II.   LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips, 515 F.3d at 233).  In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  Yet, while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678-79.

To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).

4

Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

In considering a Rule 12(b)(6) motion to dismiss, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based on those documents, and matters of public record. In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002). See also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).[2]

III.   **DISCUSSION**

   a.   **Violations of the FCRA – Counts II and III**

Pursuant to 15 U.S.C. § 1681n(b), Plaintiff seeks judgment in his favor based on his allegation that Defendants willfully obtained his consumer credit report without any permissible purpose.

The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA, § 1681n(a); see also 15 U.S.C. § 1681b(f) (listing permissible purposes for obtaining consumer credit reports, including any circumstance

---

[2] Defendants have attached several exhibits with their Motion to Dismiss, none of which are matters of public record or "undisputedly authentic" documents upon which Plaintiff's claims are based. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1191, 1196 (3d Cir. 1993). Accordingly, the Court will ignore these documents for purposes of this Motion.

under which a consumer reporting agency may permissibly furnish a consumer report pursuant to the other subsections in § 1681b), and a person who obtains a consumer report under false pretenses or knowingly without a permissible purpose.  § 1681n(b); see also 15 U.S.C. § 1681q (imposing criminal liability on any person who "knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses.")

Plaintiff avers that Defendants obtained his consumer credit report without a permissible purpose because they had no business relationship with Plaintiff, had no contract with Plaintiff, and did not have an agreement for credit, loans, or services with Plaintiff.  (SAC ¶¶ 11-15; Pl.'s Opp'n at 3-4.)  Defendants argue that Plaintiff has ignored the permissible purpose they actually had for obtaining his credit reports—they did so in the course of attempting to collect a debt from Plaintiff.  (See Defs.' Br. at 4-5, 9-10.)  In opposition, Plaintiff apparently contends that because Defendants are debt collectors, not creditors, they could not have a permissible purpose for obtaining his credit report.  (See Pl.'s Opp'n at 3-4.)

As an initial matter, the Court observes that § 1681b expressly permits distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." § 1681b(a)(3)(A) (emphasis added).  The Third Circuit has explicitly found this provision permits a credit reporting agency to furnish a credit report to a debt collector, and that the debt collector's act of obtaining and using the credit report is authorized under the circumstances.  See Huertas v. Galaxy Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) ("It was [the] consumer transaction which ultimately resulted in [the debt collector's] accessing of [Plaintiff's] credit report to collect on his

6

delinquent accounts.  Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances.")

Counts II and III in Plaintiff's SAC apparently rest on the mistaken assumption that Defendants, as debt collectors, were not permitted to obtain his credit report pursuant to the FCRA.  Despite Plaintiff's interpretation of § 1681b, he cites no persuasive authority to suggest that Defendants, as debt collectors, were unauthorized to obtain his credit reports merely because they were not creditors or in business with Plaintiff.[3]  Whether Plaintiff is attempting to allege that Defendants intentionally violated § 1681b, or obtained his credit report under false pretenses, his claim should be considered in relation to the permissible purposes of consumer reports.  See Huertas v. Galaxy Asset Mgmt., Civ. No. 09-2604, 2010 WL 936450, at *3 (D.N.J.

---

[3] In his opposition papers Plaintiff relies on Cappetta v. GC Servs. Ltd. P'ship, 654 F. Supp. 2d 453 (E.D. Va. 2009) and an FTC Staff Report to support his reading of § 1681b.  (Pl.'s Opp'n at 3-4.)

The passage from Cappetta quoted by Plaintiff is taken entirely out of context, and the facts in that case have no bearing on the allegations in this matter.  In Cappetta the parties disputed whether the language in § 1681b(a)(3), stating a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe … (emphasis added)," applied equally to the recipient of a consumer credit report, i.e., whether the statute thus also permitted any recipient to obtain a report when the recipient had reason to believe it had one of the enumerated permissible purposes.  See Cappetta, 645 F. Supp. 2d at 458-59.  The defendants alleged they reasonably believed that the plaintiff had initiated the credit transaction creating the debt they were attempting to collect, despite the fact that the plaintiff's spouse had actually initiated the transaction and the debt remained solely in his name, and they claimed this was sufficient under § 1681b(a)(3).  Id. at 458.  The court noted that the word "it" in § 1681b(a)(3) only applied to credit reporting agencies, and rejected the Defendants' interpretation that the provision should also apply to debt collectors.  Id. at 459.  The holding in Cappetta did not call into question the fact that the FCRA permits debt collectors to access the credit reports of individuals who are legally responsible for an account (debt) that the collectors are attempting to collect.  Cf. id. at 462-63 (noting that to state a claim, the plaintiff had to allege facts sufficient to demonstrate that the defendant should have known "that it did not intend to use the credit report 'involving … the collection of an account of' Plaintiff.") (citing § 1681b(a)(3)(A)).  Not only does Cappetta fail to help Plaintiff's position in this case, it is a non-binding district court case from another district in another circuit.

Additionally, the FTC Staff Report quoted by Plaintiff is both unhelpful for Plaintiff's position and non-binding on this Court.  The passage quoted by Plaintiff states explicitly that a "[debt] collection agency … or attorney has a permissible 'collection' purpose under [§ 1681b] to obtain a consumer report on a consumer for use in obtaining payment of that consumer's account on behalf of a creditor."  FED. TRADE COMM'N, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT: AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS 44 (2011).  Plaintiff apparently believes that "on behalf of a creditor" is important, and notes that "[t]he Defendants are not 'creditors' as defined by the FCRA."  (Pl.'s Opp'n at 4.)  However, the language from the FTC Staff Report clearly says that a debt collector has a permissible purpose to obtain a consumer credit report when it is engaged in collection activities on behalf of a creditor.  Defendants' do not claim they were creditors, and Plaintiff has not pled that Defendants were not acting on behalf of a creditor.  It is unclear how Plaintiff believes this provision aids his case, but the language makes clear that it applies to debt collectors who are engaged in collecting debts.

Mar. 9, 2010) (citing Hansen v. Morgan, 582 F.2d 1214, 1219 (9th Cir. 1978); Veno v. AT & T Corp., 297 F. Supp. 2d 379, 385 (D. Mass. Dec. 24, 2003)).  Rather than allege that Defendants were not collecting a debt, Plaintiff claims they were not permitted to access his credit report on account of being debt collectors.  It is insufficient for Plaintiff to base his claim on a misreading of the applicable statute and case law, and the Court finds that Plaintiff's FCRA claim fails as a matter of law.  Defendants' Motion to Dismiss will be granted with respect to these claims and Counts II and III of the SAC will be dismissed with prejudice.[4]

### b.  Violations of the FDCPA – Count I

In Count I, Plaintiff apparently alleges violations of both 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692g(a) of the FDCPA.  Plaintiff's § 1692e(10) violation is based on his FCRA claim, namely that Defendants knew they had no permissible purpose to obtain his consumer credit report.  (SAC ¶ 25.)  The § 1692g(a) claim is based on Plaintiff's assertion that Defendants failed to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff after Defendants' initial contact and when they obtained Plaintiff's consumer credit report.  (SAC ¶ 26.)

---

[4] "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

The Court will not permit Plaintiff to amend the claims that will be dismissed pursuant to this Opinion and the accompanying Order.  Plaintiff has already filed three complaints in this matter, and in his oral argument before Magistrate Judge Schneider on his previous Motion for an Order for Leave to Amend his Complaint, (Doc. No. 9), Plaintiff represented to Magistrate Judge Schneider that he would not seek any further amendments, even after Defendants filed the present Motion to Dismiss.  (See Doc. No. 15.)  More amendments would merely serve as a delay tactic to resolving the remaining issues on the merits, and would be inequitable to Defendants in light of the Plaintiff's prior representations.  Additionally, any amendments to the dismissed claims would be futile.

With respect to Plaintiff's FCRA claims, the Court finds any amendment would be futile because Plaintiff cannot add or subtract allegations from his SAC that would make his claims, based on a flawed interpretation of § 1681b, more likely to succeed.  Moreover, because Plaintiff acknowledges that Defendants were debt collectors attempting to collect a debt on one of his accounts, permitting Plaintiff to reverse course and change his allegations of these facts would be inequitable.  Accordingly, Counts II and III will be dismissed with prejudice.

### i.  Section 1692e(10)

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  § 1692e(10).  Defendants argue that Plaintiff's FDCPA claim, which is predicated on Plaintiff's previously discussed FCRA claims, fails as a matter of law because the FCRA claims also fail as a matter of law.  (Defs.' Br. at 12-13.)  The Court agrees.  The only allegations in the SAC supporting Plaintiff's § 1692e FDCPA claim are that Defendants obtained Plaintiff's consumer credit report twice, despite knowing "they were not involved with any credit transaction with the Plaintiff."  (SAC ¶ 25.)  This is the same argument put forth by Plaintiff and rejected by the Court in each of his FCRA claims.  Because the alleged violation of the FCRA is the only basis for Plaintiff's § 1692e FDCPA claim, the Court will grant Defendants' Motion to Dismiss this claim.  Plaintiff's claim under § 1692e(10) will be dismissed with prejudice.[5]

### i.  Section 1692g(a)

Turning to Plaintiff's other FDCPA claim, § 1692g requires that a debt collector send a consumer a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

---

[5] For the reasons stated supra at note 4, this claim will be dismissed with prejudice.  Plaintiff's FDCPA claim under § 1692e cannot succeed even with amended allegations, as it is based entirely on Plaintiff's mistaken belief that Defendants violated the FCRA.  Any amendment to that claim would be futile and inequitable.

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a).  If that information is not contained in the debt collector's initial communication with the consumer, the debt collector is required to send that notice within five days after the initial communication with the consumer in connection with the collection of a debt.  Id.

Plaintiff alleges that Defendants failed to provide the "Thirty Day Validation Notice," when they made their initial communication with Plaintiff.  (SAC ¶ 26.)  Defendants claim their initial communication with Plaintiff, attached as Exhibit B to the Certification of Rani A. Wolf, included all of the notices required by § 1692g.  (Defs.' Br. at 13.)[6]  However, because the Court will not convert the instant motion into one for summary judgement, it will not consider the Defendants' certification or exhibits attached thereto for purposes of this motion.  See Thomas v. LDF Fin. Servs., Inc., 463 F. Supp. 2d 1370, 1374-75 (N.D. Ga. 2006) (declining to consider an affidavit and other matters outside the pleadings and convert a motion to dismiss to a Rule 56 motion where the defendant had submitted an affidavit stating that it had sent the required notice under § 1692g, and finding that the plaintiff's allegation that the defendants did not send plaintiff the notices required under § 1692g(a) was sufficient to state a claim).

---

[6] Defendants also argue that they did what was required to validate the debt when Plaintiff requested validation of the debt by letter of July 11, 2013.  (Defs.' Br. at 13 (citing Ex. A to Wolf Cert., Affidavit of Aaron Cox ¶ 7; Ex. D to Wolf Cert., July 17, 2013, Letter from Cox responding to validation request; Ex. E to Wolf Cert., February 24, 2014, Letter from Cox verifying John Zieger's debt).)  The Court notes that Plaintiff has not actually pled a violation of § 1692g(b).  Id. (requiring a debt collector to cease collection of any debt upon receipt of a request for verification of the debt by the consumer within the thirty-day period described in § 1692g(a)).

Accordingly, the Court finds that Plaintiff has stated a claim pursuant to § 1692g(a), and

Defendants' Motion to Dismiss will be denied as to his § 1692g(a) claim in Count I.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss will be

**GRANTED IN PART** and **DENIED IN PART**. An appropriate Order shall enter today.


Dated:   6/12/2015                                    s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge

11